UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED '08 MJ 2164

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                              )<br>         Plaintiff,           )<br>                              )<br>    v.                        )<br>                              )<br> Ernesto RAMOS-Agramon,       )<br>                              )<br>         Defendant.           )<br>                              )<br>                              )<br>                              )<br>_____) | Magistrate Case No.<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1324(a)(1)(A)(iv)-Inducing and Encouraging Illegal Alien To Enter the United States (Felony)<br><br>Title 18, U.S.C., Section 1544-Misuse of Passport |

The undersigned complainant being duly sworn states:

### Count I

On or about **July 15, 2008**, within the Southern District of California, defendant **Ernesto RAMOS-Agramon**, did encourage and induce an alien, namely **Rosa LOPEZ-Hernandez**, with the intent to violate the immigration laws of the United States, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence in the United States is and will be in violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv).

### Count II

On or about **July 15, 2008**, within the Southern District of California, defendant **Ernesto RAMOS-Agramon**, did knowingly and willfully use a passport issued or designed for the use of another, with the intent to gain admission into the United States in the following manner, to wit: Defendant applied for entry to the United States by presenting U.S. Passport number **209917771**, issued to **Hector Arevalo Guido**, to a Department of Homeland Security, Customs and Border Protection Officer, knowing full well that he was not **Hector Arevalo Guido**, that the passport was not issued or designed for his use, and that he is not a United States citizen entitled to a U.S. Passport. All in violation of Title 18, United States Code, Section 1544.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **16TH** DAY OF **JULY, 2008**.

_____
UNITED STATES MAGISTRATE JUDGE
CATHY ANN BENCIVENGO
U.S. MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

The complainant states that **Rosa LOPEZ-Hernandez** is a citizen of a country other than the United States; that said alien has admitted she is deportable; that her testimony is material; that it is impracticable to secure her attendance at trial by subpoena; and that she is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On July 15, 2008 at approximately 2:37 AM, **Ernesto RAMOS-Agramon (Defendant)** made application for admission into the United States from Mexico at the San Ysidro, California Port of Entry via the vehicle primary lanes. Defendant was the driver of a brown Buick Regal Sedan. Also in the vehicle was one visible female passenger now identified as **Rosa LOPEZ-Hernandez (Material Witness)**. Upon inspection before a U.S. Customs and Border Protection (CBP) officer, Defendant presented a United States Passport bearing the name Hector Arevalo GUIDO for himself and an I-551 (Resident Alien Card) bearing the name Antonia Salto on behalf of Material Witness. Defendant claimed ownership of the vehicle, gave a negative customs declaration and stated that he was en route to Chula Vista, California. The CBP Officer received an automated computer generated referral and subsequently escorted the vehicle and its occupants to secondary for further inspection.

In secondary, CBP Officers discovered Defendant and Material Witness were not the lawful owners of the documents presented. Defendant and Material Witness admitted to their true identities and nationalities. Defendant and Material Witness were both identified as citizens of Mexico without legal documents to enter the United States.

On a separate videotaped interview, Material Witness declared she is a citizen of Mexico without legal rights or entitlements to enter the United States. Material Witness stated Defendant had possession of the I-551 and presented it for inspection on her behalf. Material Witness stated she was going to pay $2,000.00 U.S. dollars to be smuggled into the United States. Material Witness stated she was going to Los Angeles, California to seek employment.